```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| LUIS D. SAMBOLIN ROBLES,<br><br>**Plaintiff**<br><br>v.<br><br>ADMINISTRACIÓN DE CORRECIÓN.<br><br>**Defendant.** | **CIVIL NO.** 17-2038(RAM) |

OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is the Commonwealth of Puerto Rico's *Motion to Dismiss Habeas Corpus Petition Pursuant to Fed. R. Civ. P. 12(B)(6)* ("*Motion to Dismiss*"). (Docket No. 77). The motion was filed on behalf of the Puerto Rico Corrections Administration ("Corrections Administration"). Id. Plaintiff Luis D. Sambolín-Robles ("Plaintiff" or "Mr. Sambolín") filed a response and the Commonwealth replied. (Docket Nos. 77 and 83). The Court **GRANTS** the *Motion to Dismiss* for the following reasons.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On November 22, 2010, Plaintiff Luis D. Sambolín-Robles pled guilty to robbery pursuant to Article 198 of the Puerto Rico Criminal Penal Code, P.R. Laws. Ann. Tit 33, § 4826, as well as violations of Article 5.04 of the Puerto Rico Weapons Act and

Article 5.05 of the Bladed Weapons Act. (Docket No. 2 at 4; 57-1 at 4).[1] He was sentenced to nineteen (19) years in prison and is scheduled to be released on February 14, 2029. Id.

On March 18, 2014, Mr. Sambolín filed a motion in the Court of First Instance, Utuado Part, requesting that the trial court vacate, set aside or correct his judgment pursuant to Rule 192.1 of the Puerto Rico Rules of Criminal Procedure. (Docket Nos. 57-1 at 7; 57-3 at 8-11). The motion was denied. (Docket No. 57-1 at 7). He subsequently filed three additional motions before the Court of First Instance that were denied as well. (Docket Nos. 57-1 at 6; 57-2 at 32-42; 57-3 at 1-6).

Plaintiff appealed to the Puerto Rico Court of Appeals ("Court of Appeals") but his appeal was dismissed as untimely. (Docket No. 57-1 at 6). He then submitted two additional motions before the Court of Appeals alleging that his attorney had not advised him about the term to appeal and that the Court of First Instance Judge assigned to his case had threatened him. (Docket Nos. 57-1 at 6; 57-2 at 13-21). His appeals were allegedly never reviewed on the merits. (Docket No. 57-1 at 6).

Lastly, Mr. Sambolín filed a *Certiorari* before the Puerto Rico Supreme Court claiming he was sentenced "under Art. 5.05 [sic]

---

[1] Most of the background information has been taken from the *Complaint* itself. (Docket No. 2; certified English translation at 57-1). Subsequent references to the *Complaint* and documents filed alongside the same will only cite the certified English translations at Docket No. 57.

of the firearms act without having any evidence, the Judge's threats and all other violations of rights" and he also filed a Habeas Corpus motion. (Docket Nos. 57-1 at 6; 57-3 at 21-25). Both motions were denied. (Docket No. 57-1 at 6).

On August 3, 2017, Plaintiff filed a *pro se Complaint* pursuant to 28 U.S.C. § 2254 ("Habeas Corpus") against the Corrections Administration. (Docket No. 57-1). He avers therein that he has "always declared [his] innocence of the Art 5.04 firearms charge[,]" and that he "was forced to enter a guilty plea." Id. at 6. He also alleges that the Judge who oversaw his trial "threatened [him] in front of the second Jury Panel, that if [he] proceeded to jury trial she would sentence [him] to over 30 years for each of the offenses charged, when none of the offenses charged carried 30 years under the Penal Code." Id. at 4. Lastly, he also alleges that she denied him a change of counsel. Id.

The prior presiding Judge in the present case appointed counsel for Plaintiff under the Criminal Justice Act of 1964 on August 7, 2018. (Docket Nos. 23 and 24). Plaintiff's attorney entered his appearance on August 20, 2018. (Docket No. 29). The case was transferred to the undersigned's docket on June 13, 2019. (Docket No. 44). Procuring certified English translations of State court records took almost three months and several extensions since the case was assigned to the undersigned. (Docket Nos. 45, 48 and 54).

Case 3:17-cv-02038-RAM   Document 88   Filed 01/22/21   Page 4 of 12
Civil No. 17-2038 (RAM)                                              4

On August 10, 2020, Plaintiff filed a *Response to Motion to Dismiss Habeas Petition as Untimely Filed* ("*Response*") followed by the Commonwealth of Puerto Rico's *Reply to Response in Opposition to Motion to Dismiss Habeas Corpus at Docket No. 77* ("*Reply*") on August 14, 2020. (Docket Nos. 80 and 83, respectively).

## II.  LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes the statute of limitations for federal habeas corpus proceedings brought under 28 U.S.C. § 2254. *See* Candelaria-Melendez v. Rivera-Percy, 2020 WL 1547066, at *2 (D.P.R. 2020) (quoting Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (1996)). The timeliness requirements which affect § 2254 petitions challenging state convictions and sentences are found in § 2244(d)(1). *See* 28 U.S.C. § 2244(d)(1). Sub-section "A" states that these petitions are subject to a one-year statute of limitations which begins to run from the date on which the judgment becomes final. Id. § 2244(d)(1)(A). With respect to state criminal appellate review procedures, "Rule 194 of the Puerto Rico Rules of Criminal Procedure states […] that an appeal may be filed in the [Court of First Instance] or in the Court of Appeals, within thirty days following the date judgment was entered." Candelaria-Melendez, 2020 WL 1547066, at *2 n.2 (citing 34 L.P.R.A. Ap. II R. 194). Only after these thirty days have elapsed is a judgment considered

"final" for statute of limitations purposes. *See* Pérez-Pagán v. Mercado-Quiñones, 179 F. Supp. 3d 174, 177 (D.P.R. 2016) (holding that the "the starting date for the statute-of-limitations calculation" is after the Rule 194 30-day term).

### III. DISCUSSION

The Corrections Administration's *Motion to Dismiss* posits that Mr. Sambolín's § 2254 petition is time-barred. (Docket No. 77). After a review of the record, the Court agrees with the Corrections Administration. Plaintiff did not aver or proffer *any* evidence that he appealed the Court of First Instance's decision within the thirty days provided by Rule 194 of the Puerto Rico Rules of Civil Procedure. The District of Puerto Rico has explained that "[a] conviction is not final as long as the defendant can appeal either the conviction or the sentence imposed upon him." Garcia-Parra v. Departamento de Justicia, 2015 WL 1186394, at *1 (D.P.R. 2015), report and recommendation adopted sub nom. Garcia-Parra v. Administracion de Correccion, 2015 WL 1186418, at *4 (D.P.R. 2015) (quotation omitted). Mr. Sambolín's November 22, 2010 sentence therefore became final on **December 22, 2010**. Thus, Plaintiff had until **December 22, 2011** to file a habeas petition in accordance with 28 U.S.C. § 2244(d)(1)(A). (Docket No. 77 at 4-5).

Instead, by Plaintiff's own admission, he filed his first motion requesting the trial court vacate, set aside or correct his

judgment pursuant to Rule 192.1 of the Puerto Rico Rules of Criminal Procedure on **March 18, 2014**, more than *two* years after the AEDPA deadline. (Docket Nos. 57-1 at 7; 57-3 at 8-11). Moreover, said motion and all additional motions for post-conviction relief filed before the Court of First Instance, Court of Appeals and the Puerto Rico Supreme Court were denied. (Docket No. 57-1 at 6-7).

This means that the state post-conviction filings **did not toll** the filing period to initiate the present federal action in 2017. "This one-year statute of limitations is tolled while a **properly-filed** application for state post-conviction or other collateral review is pending." Garcia-Parra, 2015 WL 1186394, at *1 (quoting 28 U.S.C. § 2244(d)(2)). Here, by the time Mr. Sambolín commenced the present action, the one-year period provided by AEDPA had expired. *See e.g.*, Santiago-Cosme v. Maldonado-Ruiz, 2017 WL 4142595, at *5 (dismissing with prejudice plaintiff's § 2254 claim because the statute of limitations had expired more than seven years before plaintiff filed his federal habeas corpus petition); Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013)(finding that because the plaintiff's state habeas petition was not filed within a year after the judgment became final under the AEDPA, it did not toll the limitations clock).

In appropriate cases, AEDPA's one-year statute of limitations may be subject to equitable tolling. *See* Holland v. Florida, 560

U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling if he shows: (1) "that he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." McQuiggin v. Perkins, 569 U.S. 383, 391 (2013) (quoting Holland, 560 U.S. at 649). Even so, equitable tolling is considered "**strong medicine, not profligately to be dispensed**." Candelaria-Melendez, 2020 WL 1547066, at * 3 (quoting Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)) (emphasis added).

As mentioned above, Plaintiff filed his Rule 192.1 motion on March 18, 2014, over *two* years after the AEDPA deadline and *three* years after his sentence became final. (Docket No. 57-3 at 8-11). Thus, there is *no* doubt that Plaintiff's habeas petition is time-barred and that he is *not* entitled to equitable tolling. In Candelaria-Melendez v. Rivera-Percy, a case where the plaintiff was also found guilty of violating the Puerto Rico Weapons Act, among other offenses, the District of Puerto Rico determined that the record before the court did not suggest that the § 2245 petitioner "was justified in waiting" four years "before pursuing the claims now pending in this court." Candelaria-Melendez, 2020 WL 1547066, at *3. The Court further held that "[t]here is no indication that any state action impeded his ability to file a timely federal habeas petition. And he has offered no excuse, let

alone a reasonable or legally significant one, for the tardiness." Id. The Court reaches a similar conclusion here.

In his *Response*, Plaintiff failed to answer Defendant's allegation that the habeas petition is time-barred due to Plaintiff's failure to file his petition within AEDPA's one-year statute of limitations. In fact, Plaintiff states that this "seems a simple enough argument to make, direct, as well as a plausible one." (Docket No. 80 at 1). Instead, Mr. Sambolín avers that he can "rely on actual innocence to get over the timeliness hump even if there are no grounds to equitably toll the limitations period." Id. at 2. Actual innocence, if proved, "serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar" or if it is an "expiration of the statute of limitations." McQuiggin, 569 U.S. at 386. The same Supreme Court opinion however cautioned that actual innocence is a "demanding" standard and that crafting "tenable actual-innocence gateway pleas" is "rare." Id. This because a petitioner "does not meet the threshold requirement *unless* he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (emphasis added).

Here, Mr. Sambolín failed to meet the "demanding" actual innocence standard. First, he bases his habeas petition on evidence of a sworn statement of Mrs. Stephanie Delcony Cardona wherein she

avers to having seen the butt of a firearm that was "black and nickel plated" on petitioner's waist during the robbery, and how that is insufficient to prove that petitioner possessed a firearm at the time. (Docket Nos. 57-2 at 24; 80 at 4). This, coupled with the fact that petitioner's attorney allegedly interviewed Mrs. Delcony Cardona and she was "unable to differentiate a firearm from a pneumatic weapon" and that "the Commonwealth had no other evidence of a firearm" showed that a jury "would have had to acquit defendant of the firearm charge." (Docket No. 80 at 4).

Yet, this evidence is not new. In fact, Mr. Sambolín was aware of the existence of the sworn statement when he filed his 192.1 motion in March 18, 2014 where he stated that Mrs. Delcony's sworn statement was the "only" evidence used by the Commonwealth to accuse Mr. Sambolín of the firearm charge. (Docket No. 57-3 at 9). And several of the appellate motions which Mr. Sambolín filed at the state level, such as in an opposition filed in the Court of Appeals, also reference the sworn statement and how it allegedly shows that her statement made it "impossible to determine if it was a firearm, a pneumatic weapon or a knife, since it was not used to point directly at someone nor was the alleged firearm seized." (Docket No. 57-2 at 16). He likewise explained in a habeas motion filed before the Court of First Instance and in an *Opposition to Motion in Compliance with Order* filed before the Court of Appeals how he had requested a hearing before the Court

of First Instance after filing his March 2014 192.1 Motion to allow the Commonwealth's witness, Mrs. Delcony, to clarify and testify about what she was able to see on petitioner's waist "and dispense justice pursuant to Art. 5.05 of the Weapons Act." (Docket No. 57-2 at 16, 33-35). But his request had been denied. Id. Moreover, per his August 2017 *Complaint*, he reiterated that Mrs. Delcony's sworn statement was the "only" evidence the Commonwealth had in support of the Weapons Act Article 5.04 charge at the trial stage. (Docket No. 57-1 at 7). Thus, since the sworn statement is not "new evidence" and it could have been provided to Mr. Sambolín if he had acted diligently, Plaintiff cannot rely on it, without more, to convince the Court of Plaintiff's actual innocence. (Docket No. 52-2 at 24). *See* Schlup v. Delo, 513 U.S. 298, 329 (1995).

Moreover, as the Commonwealth posits in its *Reply*, the delay with which Mr. Sambolín filed his § 2254 petition after pleading guilty, and aware of the existence of Mrs. Delcony's sworn statement, militates against the granting of his habeas petition. (Docket No. 83 at 6). Further, the fact that Plaintiff failed to properly respond to the Commonwealth's statute-of-limitations argument also affects his credibility regarding his actual innocence claim. The Supreme Court has explained that **"untimeliness, although not an unyielding ground for dismissal of a petition, does bear on the credibility of evidence proffered to show actual innocence**." McQuiggin, 569 U.S. at 401 (emphasis

added). The District of Puerto Rico determined in a similar case regarding untimely § 2254 petitions that "this demanding actual-innocence standard cannot be met *sub silencio*." Pérez-Pagán, 179 F. Supp. 3d at 179. To wit, the Pérez-Pagán Court held that plaintiff's actual innocence argument was unwarranted given his unsupported assertions in his petition and the fact that "Petitioner's failure to comply with the statute of limitations is so egregious (a delay of 106 days at best), the Court finds it especially unlikely that the exceptional actual-innocence standard should apply." Id. Here, Plaintiff's delay in filing his 192.1 Motion before the Court of First Instance was over **two years** after the AEDP deadline. (Docket Nos. 57-3 at 8-11). Thus, the Court sees no reason why it should rule any differently than the Court in Pérez-Pagán.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the *Motion to Dismiss* (Docket No. 77) **dismissing with prejudice** Plaintiff Luis D. Sambolín Robles's § 2254 claim against the Puerto Rico Corrections Administration. No certificate of appealability shall be issued as Plaintiff has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Plaintiff may still seek a certificate directly from the First Circuit in accordance with Rule 22(b)(1) of the Federal

Rules of Appellate Procedure. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of January 2020.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge